UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| ANTHONY E. SMITH | ) | |
| | ) | |
| v. | ) | NO. 2:05-CV-209 |
| | ) | |
| GREENE COUNTY SHERIFF'S DEPT., | ) | |
| GREENE COUNTY DETENTION CTR., | ) | |
| DET. RANDOLPH, C.O. STILLS, | ) | |
| C.O. RICKER, C.O. AUSTIN, and | ) | |
| C.O. DANIELS | ) | |

## MEMORANDUM and ORDER

Anthony E. Smith, a prisoner in the Greene County Detention Center, brings this *pro se* civil rights complaint for damages and injunctive relief under 42 U.S.C. § 1983. The plaintiff is **ASSESSED** the civil filing fee of $250.00 under 28 U.S.C. § 1915. Accordingly, the custodian of the plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of:

    (a) twenty percent (20%) of the average monthly deposits to the plaintiff's' inmate trust account;
       or
    (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the

six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B).

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $250.00 has been paid to the Clerk's Office.[1] *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

The Clerk is **DIRECTED** to send a copy of this memorandum and order to the custodian of inmate accounts at the facility wherein the plaintiff is currently confined, to ensure full compliance with the fee-assessment procedures outlined in this memorandum.

The allegations in the complaint fall within three separate categories of claims.

1) <u>Unsanitary conditions of confinement:</u> For three days in late July of 2005, the plaintiff contends that he was placed in a holding cell where he was exposed to blood and body fluids from a previous inmate and was not furnished with

---

[1] Send the payments to:
　　Clerk, USDC
　　220 West Depot Street, Suite 220
　　Greeneville, TN 37743

2

cleaning supplies, though he made several requests for them. The plaintiff further contends that he has diabetes and, as a result of high blood sugar levels, had developed a foreskin infection; that the infection can be managed with proper hygiene; and that his infection worsened because he was not allowed to bathe for 75 hours.

2) <u>Other conditions of confinement</u>: The plaintiff maintains that, thirty minutes after he takes medication, he has loose stools; that it is recommended that he use the bathroom as soon as he feels the urge to have a bowel movement; and that he so informed defendants Ricker, Stills, and Daniels, each of whom told him to "[j]ust let me know." He claims that he banged on the door to let them know that he needed to go to the toilet but that, by the time he was transferred from the holding cell to another area of the facility, he had impacted bowels. The obvious implication is that no one responded when the plaintiff banged on the door to signal that he needed to use the toilet.

He also maintains that one of his medications contains a warning against prolonged exposure to natural or artificial light; that, when he conveyed this information to defendant Daniels, he replied that there was nothing he could do; and that he (the plaintiff) was exposed to artificial light for 74 hours, which has resulted in him having blurred vision, headaches, and, perhaps, even organ damage.

3

3) <u>Medical problems</u>: In his next claim, the plaintiff alleges that he wears a knee brace; that the nurse instructed that he be housed in the pod and given a bottom bunk; and that he was not given a bottom bunk because none were available in the pod. He further alleges that the shower shoes he was furnished have tabs which have bruised his feet and caused him to limp but that the Detention Center authorities have refused to permit him to have the shower shoes brought to the Detention Center by his wife. When he told the nurse about it, she replied that she could do nothing because it was an administrative decision.

The Court infers that the plaintiff is asserting that the above conditions and events violated his Eighth Amendment right not to be subjected to cruel and unusual punishments.

Before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, however, he must first allege and show that he has exhausted all available administrative remedies. 42 U.S.C. § 1997e; *Brown v. Toombs*, 139 F.3d 1102 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Even where money damages are unavailable through a correctional facility's grievance process, a prisoner must still exhaust his state remedies. *Booth v. Churner*, 531 U.S. 956 (2001). Exhaustion is mandatory and applies to all inmate suits about prison life, including general prison conditions and single incidents that affect only particular prisoners. *Porter v. Nussle*, 534 U.S. 516,

532 (2002). A district court must enforce the exhaustion requirement *sua sponte*. *Brown*, 139 F.3d at 1104.

In this case, the plaintiff maintains, in section II of his form complaint, that the Greene County Detention Center has a prisoner grievance procedure, but that he did not present the facts relating to his claims through the grievance system because he "didn't think it would do any good."

The Sixth Circuit has held that a complaint must be dismissed *sua sponte* where a plaintiff fails to allege exhaustion of administrative remedies with "particularized averments." *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002). It has also held that every single claim must be exhausted through the grievance system. *Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005). Finally, a prisoner's subjective belief that it would be futile to present the facts underlying his federal claims through a grievance procedure is insufficient to satisfy § 1997e's exhaustion requirement. *Boyd v. Corrections Corporation of America*, 380 F.3d 989, 998 (6th Cir. 2004) (prisoner's allegation that, if he had filed a grievance, prison officials would not have responded does not excuse his failure to exhaust).

In this case, the plaintiff submits that he did not file a grievance because he thought it useless to employ the grievance system offered to inmates at the Greene County Detention Center. However, there is no "futility" exception written into §

5

1997e's requirement that prisoners administratively exhaust their claims before raising them in a federal lawsuit. Therefore, the Court finds that the plaintiff did not administratively exhaust his federal claims prior to filing this case.

A separate order will enter dismissing this action without prejudice under § 1997e.

**ENTER**:

/s/ Thomas Gray Hull
THOMAS GRAY HULL
SENIOR U. S. DISTRICT JUDGE

6

Case 2:05-cv-00209   Document 4   Filed 09/16/05   Page 6 of 6   PageID #: 6